The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and the Honorable Court. You may be seated. Thank you. Ms. Lyston. Chief Judge Gregory, and may it please the Court, Jenny Lyston for Roger Locklear. Your Honors, we are asking you to vacate as procedurally or substantively unreasonable a special condition of supervised release requiring Mr. Locklear to submit to broad warrantless searches. This search condition is found at JA 109. It requires Mr. Locklear to submit to a search at any time, with or without a warrant, and by any law enforcement or probation officer of not just his person and property, but also his house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects. Your Honors, the search condition is procedurally unreasonable because the District Court's explanation, very brief explanation for this intrusive condition, was insufficient to explain why this particular condition was needed in this particular circumstance. I would like to note that for purposes of today's argument, while we are not conceding that plain error applies, I am simply assuming that plain error applies, and I am happy to do so because I believe that we win under either standard. What little the Court said here was either vague or unsupported by the record. The Court's explanation of all of the conditions, not just the search condition, but all of the special conditions imposed in this case, is found at JA 100. And what the Court said was that he was imposing these special conditions based on the statutory requirements and the nature of the offense of conviction, including your history of substance abuse, the need for rehabilitation in order to supervise you adequately. Well, but hadn't he previously gone through the fact that Mr. Locklear was essentially a drug dealer and a violent one at that, and raised all kinds of threats to people who encountered him and society in general? Absolutely, Your Honor. In explaining the sentence as a whole, the District Court certainly cited Mr. Locklear's criminal history and history of drug dealing. However, I don't think that that explains why, for example, the probation officer would need to search Mr. Locklear's computer or his cell phone, which, as the Supreme Court has said, contains the most intimate details of someone's life. Including their proposed drug transactions. So, Your Honor, there was nothing in the record to show that Mr. Locklear used his cell phone for any of his drug transactions. In fact, if you'll look in J.A. I think as a district judge, I'm aware that drug dealers everywhere use their cell phones to make drug transactions. And yet, notably, Your Honor, in J.A. 116, it talks about how after this kind of drug deal went down and went wrong, and they were both shot, one of the drug dealers had to go to a convenience store to call for an ambulance because apparently he didn't have a cell phone. And also, Mr. Locklear's friend approached an emergency department services. They didn't call. So there was no evidence that they were using a cell phone. But even if they were, again, a search of his computer seems well outside any sort of necessary condition that you would need to... Well, why wouldn't you wait for an... attacking this condition facially. Why wouldn't you wait for an as-applied challenge if you think the search exceeded the proper bounds? But this is just... What you want to do is just invalidate the special condition in total. No, Your Honor. That's not what I'm saying. I'm saying that this particular warrantless search condition was not individualized to Mr. Locklear's circumstances. I'm not saying that perhaps if it went back, the district court might... given the violence that attended the instant offense, and given the record of prior offenses, which were involved... involved violence and assault with a deadly weapon and inflicting serious injuries, and that's on two different occasions, and that's just for starters. The prison records showed fighting and the like, and you just have a situation confronting the district judge where he's thinking, I've got to do something to protect the probation officer and to protect the public, and that's right in line with what the 3553A factors show and the way in which they apply it to supervised release. I mean, it almost seemed like it would be irresponsible of the district judge not to impose the special condition. So, Your Honor, I'm not saying that the district court could not impose a warrantless search condition. I'm saying that this particular warrantless search condition far exceeds what is necessary to, as you say, protect the public and to ensure that the probation officer can adequately supervise Mr. Locklear, because it simply doesn't make any sense that they would need to, for example, search his computer. That's something that we impose that the Sentencing Commission recommends for sex offenders. No, but that's tempered in an extent because there has to be some reasonable suspicion. You can't just charge in, and there has to be reasonable suspicion that drugs and firearms are involved before you can undertake the search at all. Well, I think what the condition imposes is that as long as this probation officer has any suspicion of any sort of violation, that he can do the search of everything. I think that's what this search allows. And again, I simply don't see that there is anything in this record that shows that the Court, one, really gave an individualized consideration of this search condition to Mr. Locklear's case. We're living in a modern world, and in this contemporary world, as Judge Gibney pointed out, cell phones are used to effectuate and implement drug deals, and computers can be of assistance to that as well. It almost seems to deny the value of technology to say, well, you can't do this, you can't do that, when that might contain very probative evidence of a violation. So I think to the extent that all of us, every one of us, uses a cell phone every day for everything, absolutely. There's a theoretical chance that there might be something on the cell phone, but notably, the Sentencing Commission doesn't recommend that we impose a warrantless search condition for just everyone. I mean, if that were the case, everyone would get this warrantless search condition where you could search the phone of anyone. But it is only recommended for sex offenders, and it's probably because notably, in most cases, sex offenders use a computer or a cell phone as an instrumentality of the crime. As this court said in Arbaugh, a warrantless search condition for a computer or a cell phone is something you really do need to think about. In Arbaugh, the defendant was actually convicted of molesting children in Haiti, and yet this court said that after the court imposed that warrantless search condition on the computer and cell phone, because in that case, there was no evidence that the defendant had used a computer or a cell phone in the crime, this court said that, and the court gave no explanation for imposing that, this court said that was erroneous and that needed to go back for further exploration. And that's what we're asking for in this case, Your Honor. We'd like for this to go back, and I think if the district court actually takes a careful look at this condition and has to articulate the reasons for why it feels that the probation officer needs to be able to search Mr. Locklear's cell phone or his computer, then I don't think that the district court would reimpose that condition. Why don't you wait until the computer is actually searched? Because there can be all kinds of searches based on reasonable suspicion where the search would not touch the computer or involve the computer at all. But then there may be others in which the computer could have been involved in the criminal activity. And I just don't understand why a facial challenge isn't premature. So again, Your Honor, I don't see this as us bringing a facial challenge to the condition itself. We're simply saying that it was not individualized as these courts' decisions require to Mr. Locklear. We also think that it's substantively unreasonable because it involves a greater deprivation of liberty than is reasonably necessary to achieve the purposes of adequately supervising Mr. Locklear. Do you think the judge has to make some sort of separate pronouncement of the reasons for his sentence for everything that's in the conditions of supervised release? So for special conditions, Your Honor, this court has said that the court, yes, in Arbaugh, it said it needs to put on the record, explain what facts led it to the conclusion that the probation officer needs the ability, for example, to search Mr. Locklear's computer. And also, I would just, getting back to what the court in this case actually said, so sort of breaking that down, the first thing he said it was based on statutory requirements. Well, but don't forget all the other things he said as he was going through his explanation of the sentence. It's not like this happened in a vacuum. Absolutely, Your Honor. But again, I don't think anything that the court said really truly explains what facts led it to the conclusion that this particular search condition, this very expansive search condition, which, by the way, is different from the search condition that was imposed the first time around, why it's necessary now at resentencing to impose this much broader search condition on Mr. Locklear. One concern I have generally is that when we sort of chomp down, I mean, district courts are allowed a broad degree of discretion in setting conditions for supervised release. And if we start getting too fine-grained on this and picking at the finer details of this condition or that condition, do we undermine the utility of supervised release as a tool of punishment? Because the district court, I mean, supervised release represents a very salutary development in that it gives an offender the chance and the opportunity to get out of prison and to make a life for himself or for herself under supervised conditions. But it's a sort of a reentry gateway. And I think it's a good idea, but if we start chomping down on this too vigorously, I worry district courts would say, well, we're just going to sentence to a greater degree rather than rely on supervised release as a tool because this and that is going to be picked apart. So I wonder whether we are undermining supervised release as a component of criminal sentencing. So, Your Honor, I don't think that what we're asking is very difficult for the district court to comply with. We're only asking that it follow this court's decisions. What this court has said that when you were imposing, you know, the sentencing commission recommends certain conditions for certain categories of offenders, and obviously this warrantless search condition is recommended for sex offenders. We're simply saying that if you're going to go, and we're not saying that you can't impose this warrantless search condition if it applies in individual cases, but we're simply saying that if you're going to go outside the norm and apply this in a regular case, you just need to put on the record some reasons that support that. Of course, the fact that it may have a special utility in sex offender cases doesn't mean that it's somehow prohibited in other classifications. Absolutely, Your Honor, and that's why I said we're not saying that you couldn't apply it in appropriate circumstances, but when you do it, you need to put on the record reasons that are supported by the record to show that you have actually thought about this condition and have individualized it to the circumstances of the case. So if we send it back, if the judge had said in this case, well, this gentleman is violent, he deals in drugs, and I know that drug dealers use phones, and I know that drug dealers use computers, and I know that drug dealers pose threats to probation officers. So I'm going to impose this condition. Would that be enough? I think without any evidence in the record, especially of the computer, I think I would have a hard time. I simply don't think there's any evidence to apply it to a search of Mr. Locklear's computer in this case. Whether or not we can get to the phone is another matter. But as I said, Judge Gibney, if this goes back, I think that if this goes back, and the district court is required to put on the record the reasons supported by the record that why a search of the computer and the cell phone would be needed here, I think the district court would probably say, you know, actually, the first warrantless search condition that we had is fine and adequate, and I don't think it needs to be expanded. I think the court just sort of, you know, slapped on this, you know, took this sort of warrantless search condition wholesale out of the sentencing commission's guidelines and slapped it in there and didn't really think about it. I see my time has expired. I will see you at rebuttal. Thank you. Thank you, Ms. Lison. Ms. Fritz. Good morning. May it please the court. Christine Fritz on behalf of the United States. We're asking you to affirm the judgment of the district court. Could you move the microphone a little bit closer? Thank you. Is that better? Yeah, that'll be better. Thank you. You're welcome. This warrantless search condition was procedurally and substantively reasonable, and it should be affirmed. Briefly, I'd like to address the standard of review issue. The government maintains that this should be reviewed under a plain error standard of review. When you look at the record and the arguments that were presented by defense counsel and by the defendant himself, there's nothing, the defendant and counsel requested a more lenient sentence. They argued that a top-of-the-guideline sentence was excessive in light of the 3553A factors. And then the defendant requested leniency and proposed different aspects of his post-release, or his post-conviction, post-sentencing conduct in support of that. Nothing about that request would fairly alert the district court that there is a concern about the warrantless search condition. In some of the absence of evidence of, for example, use of a cell phone or use of a computer or other social media or messaging app that might be on a computer and a cell phone, the absence of that is in part because this concern was not brought to the district court's attention. So under Elbaz, we think, and this court's prior precedent, which talks about the objection needing to be made with sufficient specificity to reasonably alert the court to the true concerns, that this has to be reviewed under plain error. And under plain error, what the district court said is sufficient here. How does your position square with Arbaugh? With Arbaugh? Yes. The Fourth Circuit has spoken plainly, even in cases where this special condition is used a lot in terms of dealing with sex and with children and those things. We reversed them because they didn't do these type things here. This is on the continuum less focused than computers. But then those that we say that are related to computers, we say it's not sufficient. I want you to distinguish Arbaugh because that's our precedent in the Fourth Circuit. Distinguish that, please. So I think that there were multiple conditions in place at Arbaugh. There were. There were. Focus on the ones that we, on that basis, that we remanded. Yes. And I think that one of the conditions that I thought was most concerning to the district court was... The district court. I'm sorry. To the appellate court. This court right here. This court was the ban on the access to the Internet. It was more generally related to computers, that the defendant's conduct was limited and banned. But you could easily say, well, if it's dealing with child pornography, it's a no-brainer. Computers is sufficient. But we didn't say that, did we? No. And likewise here. How do you... It seems as your argument because drug dealers use computers, then you can always do this for drug dealers, right? No, Your Honor. Why not? What were the things? What kind of drug dealers don't have to have this? How do you... Demographics or what? What is it? Well, first, I think that I would separate slightly the distinction between the search of the residence, his person, his home. The search for items. We're talking about computers right now. And I think that if this court is concerned about the adequacy of the explanation as solely as to computers, I agree that there is not as much in the record. As much? There's none. Other than that the condition was imposed, yes. And that there was no concern brought to the court's attention. That's why, well, counsel said that she believes that plain error is surmounted here. So let's deal with proposing that it is plain error. Well, under the plain error, I think that first Your Honor would look at the warrantless search condition generally, and then I would like to turn and focus on the computer issue with Your Honor's permission. No, no, no, no, no. It's a colloquy, but right now it's a question. I'm talking about computers. Let's focus on computers. What's the basis for... I'm just asking you, is it because there's drug dealing, that means it's automatically sufficient because we can assume that drug dealing... I think people involved in security fraud too use computers in a great deal, probably even more. They do. I think they hear... Don't they? Do they get this, you think? We could put that in there as to all of them? I'm not saying that for every drug dealer or every fraudster that you automatically get a particular condition. So it has to be individualized, doesn't it? And I think that this entire sentencing... No, no, no, it has to be individualized, correct? Correct. So what's the individual aspects of computers with this record, with this person? With this individual, the court provided another tool for the probation officer to effectively discharge his supervisory duties. And also... Okay, this is sufficient because that's a tool. As long as it's a tool for the probation, is that the metric? Counselor, I started with I want you to distinguish our bar. You haven't done that yet. But, you know, I'm trying... We're not talking about a toolbox for... I'm sure a lot of things, a lot of tools you would want in probation. But that's not the end question. We're talking about computers. That's why I want to focus on that. And I acknowledge that the district court did not specifically address computers. Nor does the record give support for that condition, correct? Correct. And that is in part, I think, because there was no objection. That's why we're on plain air. Exactly. But still, whose responsibility it is to give a proper sentence? It's the court's responsibility to give a proper sentence. And we submit that he did so here. Well, Fourth Amendment is pretty plain. Our bar, you haven't distinguished it yet. And I am sorry that I... We can't just ignore the Fourth Circuit. No, I am not attempting to do that at all. I think that our bar is distinguishable in various ways. That's what I'm waiting for. First of all, those conditions were lifetime conditions of supervised release related to computers. The offense did not involve computers. It was a sex offense, but it did not involve computers because it was the... Is that a distinguishing factor here? This crime didn't involve computers, did it? I think, in addition, though... Did it? Not to my knowledge. Not on the record. But furthermore, the conditions in our bar actually restricted or changed the defendant's conduct. Here, we have a condition that lessens the defendant's reasonable expectation... One of the differences in this case and others, I think, in the ones where we've been particularly concerned about computers, they've been special conditions or whatever, where the person was prohibited from using the computer at all. And we're saying you cannot use the computer in any way, shape, or fashion. And often because it was utilized to ensnare victims or to lure victims or what have you. But in this instance, there's no prohibition on the use of the computer. This individual wants to use the computer to enhance his job prospects in some way, shape, or form. He can do that. I understand it. It's not a prohibition on use. It's simply a recognition of the everyday fact that a computer could be used to set up or facilitate a drug deal in some way, shape, or form. But there is a distinction, it seems to me, between a special condition that prohibits use and a special condition that says if we have reasonable suspicion, the drugs or firearms are involved in some way, then you can look into it. I mean, the computers have all sorts of e-mail information that is exchanged in one way or another. And the computer as well as the cell phone is a device which is utilized for communication. And communication can be essential to the operation of a drug operation. I just see that there's a difference, I think, between prohibitions on use and allowance of use. You see what I'm saying? Yes, I do. And I was trying to articulate that, perhaps not as a... So are you incorporating Judge Wilkinson's argument to yours? I am. Is that your argument? I am, but I'm... Okay, well, let me deal with your argument since you're incorporating it. I can't question my dear friend. I can question you. Let's make sure you incorporate it. But tell me, again, it goes back to computers. Everything we said about computers applies to almost every crime, particularly securities fraud. Right? These things have... E-mails are important to see whether or not you're involved in something else. Let's see. If you pass bad checks, e-mails will be helpful to see whether or not you're making communication with other lending companies. What else is there? Let me see. If you're a shoplifter, see whether or not you're going back online to try to purchase things fraudulently. I just cannot imagine any limitation on a computer's use and facility, as you said so well, being a tool for the probation. But that's not the law in the Fourth Circuit. And I think that I would direct the court's attention to the actual terms of the condition, which is, first of all... I think I've read them. It would be, for a law enforcement officer to conduct the search, reasonable suspicion would be needed. For a probation officer to conduct the search, it would need to be the lawful discharge of the duties. Again, the probation officer does hold a unique position in that he's not a typical law enforcement officer who's attempting to ferret out criminal conduct. Rather, he is attempting to assist the defendant in his transition to the community. That is a primary goal of every probation officer, to assist the defendant with his transition. And if the officer believes that, in the lawful discharge of his duties, that a search might be appropriate, that is a reasonable thing for the district court to do in a situation like this, where the defendant has a terrible criminal record, a history of disobeying rules, whether on probation, post-release supervision, incarcerated. He has a significant history of drug dealing, possession of firearms illegally, discharge of firearms illegally. And the court recognized that concern and crafted a warrantless search condition that it thought would appropriately address this concern. And I think that, and I would point out that unlike the other conditions that are often considered, especially in the sex offender cases, this doesn't limit the defendant's conduct. He's still able to do, he's still able to have the computer. It does limit your, are you telling me, for example, you're saying that if I can go into your computer on a warrantless basis, that doesn't limit my use of computers? No. It doesn't? If you knew that somebody could go in there and look at everything you're putting on your computer, your personal computer, and all they need is their suspicion, you don't, that wouldn't limit your use? They would need reasonable suspicion or... No, not reasonable, but suspicion. Like you said, a probation officer. And I think this also comes down to, though, that... I mean, just common sense, would it? Wouldn't it? I don't think it would. Oh, my goodness. I mean, insofar as it might limit the use of a computer by deterring somebody from using... So everything in your computer, you wouldn't mind anybody reading it, right? Well, I mean, I think that I have a different expectation of privacy than somebody who's on supervised release. Oh, I see. But we're talking about now computers and limiting access. Now you're going to say, well, I'm different than him. I'm not him. But what we're talking about is what a computer, in terms of... What you're saying would be no limit. Every crime, you could do that. Don't you at least conceive that every crime, the computer could be attached to that potential similar conduct they were convicted of? Again, correct? Can you think of a crime that a computer wouldn't aid? I'm sure there are crimes that a computer wouldn't aid. You can't think of one? Because every one you bring up, I think I could shoot it down. Lying to a federal firearms dealer. Lying to a... To a federal firearms dealer on a form. Unlawfully obtaining a firearm by lying to a federal firearms dealer. Well, you can go on the computer and see how liberal people are in terms of selling guns. You can chomp around in terms of what dealers come. They're different. All of them are not the same. You know, in a computer, you can say, who are the people that turn a blind eye to straw purchases? All those type things. That's why it's a computer. It's taken over all of us. And that's why it's so important. The question is this. The Supreme Court has told us and Rogers that these things are important. And even when you give a condition, they're not present. We said, oh, you've got to go back and do it again because the Supreme Court said that's important. Statistics will show the way you set people up. I don't mean that intentionally. But the conditions, you can show in terms of averages or likelihood of whether or not you're going to be violated. The more ornaments you put on, the easier it is. Like even being able to get someplace. People who can't drive, don't have a car. Well, you've got to make sure that if you miss that appointment, you violate. Well, that's going to fall harder on people. This is an important part. And my good friend said this is a time of rehabilitation, but the things you put in there have a big impact on whether or not they're going to be successful. And I've never seen these kind of things with security fraud and all those things because they're chalk with computers. And justice is about fairness, isn't it? Especially with Arbol telling us this is not a secret. This is important. These are important things that have to be individualized because otherwise you'd be back here, not you, but the same argument, well, we did it here, in this case Locklear, and there it didn't say anything about computers at all. So it would be an open range. An open range. And there's no limit at all. That's why I'm trying to get you to give me a limit about computers. Why don't you search by suspicion by the probation office? And just say, well, I suspect that you might be, I saw you sniffing the other day, and there might be some signs that you're using cocaine again, so I want to see your computer. Would that be okay? I saw some white part on your nose. Is that okay? I think that there would need to be reasonable suspicion as to the search of the computer itself. Really? I thought the whole purpose was because of drug dealing and using drugs. That's the connector. And if the officers had reasonable suspicion that the cellular telephones or that the computer were being used to facilitate the drug transaction, yes, I think the condition would permit that. You're putting a lot of augmentation on something that's not in there at all. Those limitations are not there. That's why in our ball we said it has to be individualized, because otherwise we could say, well, we're in good faith. We know you wouldn't use it without reasonable suspicion. No. You know, the world construes by wit, but the court must construe by the law, as was said in The Man for All Seasons. Your Honor, to the extent that this discussion has been primarily about the computer, and if this court wanted to, I think that you could strike that portion of the condition, but I don't think that the entire warrantless search condition needs to fail. Why don't you, you know, one of the things, you just need to go back to your main point, and that is that this district judge was dealing with a singularly dangerous individual, and with a long history of multiple violent acts involving drugs and firearms. And what he sought to do is to further the Sentencing Commission's goal, and Congress's goal of deterrence, and write something that was broader in order to give some flexibility to the probation officer to protect members of the public and the probation officer himself or herself. And much of what we're talking about is down the road in terms of, there's been no search of a computer at this point. There would have to be reasonable suspicion to search the computer. But that's down the road. And what you have here is a district judge trying to craft a position of, a special condition of supervised release that will fulfill, that will allow this individual to be out on supervised release, and that will fulfill the district judge's obligation to make sure that yet another violent act doesn't claim the life or injure some member of the public. And so he errs on the side of deterrence. He's got some flexibility in that. We've said time and time again that district judges have broad discretion in crafting supervised release. And if this record of this violence doesn't justify some broad prohibitory deterrent, then it's hard to see what would. Yes, Your Honor. I see my time is up. If I may have just a moment to conclude. This is the second time the district court has sentenced the defendant. And I think that when you look at the sentencing hearing, this was an example of an individualized sentencing. There was significant discussion of his history, the nature of the offense, his history of violence, and the drug history. And the court cited those in support of the warrantless search condition. We believe that the condition is procedurally and substantively reasonable and should be affirmed. One point that was raised, and I assume you agree with Judge Wilkinson's comment about in terms of this was particularized to him, correct? Yes. Well, do you know in the Fourth Circuit, we have said as a matter of law in the Fourth Circuit, without any evidence of it, that guns automatically go with drugs. Did you know that's the law in this circuit? That drugs and guns are just presumed to be coming together. We said that in several cases. Do you know that? Yes. Therefore, so the part about a gun here is nothing particularized at all. Once you're a drug dealer, the gun is presumed involved, right? Your Honor, I would disagree with that generalization as to this record. We just don't adjudicate cases just for this. We have to look at it in the broad scheme of things. That justification exists with everybody who's involved in drug transactions because there's a likelihood that you'll have guns. Right? Because when you have drugs, guns are presumed, right? Is that right? You know that. There is language to that effect. But again, I think we're focusing on the individualized context of this case. We have a defendant who has two offenses for carrying a concealed weapon. He's also discharged a rifle into an occupied vehicle. He's assaulted somebody previously with a firearm, and he went to a drug transaction that ended in a shootout. So in this particular case, the court's concerns about drugs and guns were well-founded in the record. What about computers? Again, the court crafted a broad condition of supervised release that was focused at both promoting the rehabilitation of the defendant and accounting for the fact that he has a horrible history of drug and gun offenses. This defendant, I think, has nine possession of marijuana offenses, three state felonies related to possession of Schedule II or possession of cocaine offenses, and he went to a drug deal with a gun, and it ended in a shootout. In the district court, after discussing these facts at length, talking about his failures on state supervised release, state probation, he had more drug convictions after he bonded out on state charges related to this crime. There was a legitimate concern about deterrence and protection of public safety, protection of the probation officer. And to that end, the court allowed warrantless searches. And I think that given that this is the second time the court has authorized warrantless searches, it believes that they're appropriate on the facts of this case. And this was an example of a thorough and individualized sentencing. And I acknowledge that there was no discussion of the computer. But again, by the terms of the condition itself, for a law enforcement officer to conduct the search, there must be reasonable suspicion. And I think that reasonable suspicion must be as to finding something on the computer. And where did you get that from? What cases are you citing that a probation officer is required to do that? I cite a law enforcement officer. It's required by the terms of the condition. No, the probation officer can do this, correct? The probation officer can conduct a search in the lawful discharge. That's what I'm talking about. She'll be in a case that he or she is required, what you just laid out in that. The probation officer cannot act with purposes of harassment, cannot act arbitrarily and capriciously. And probation officers, again, Supreme Court case law recognized that probation officers are different in that they do have their client's welfare, which is, you know, the defendant's welfare, and there is an ongoing probationary relationship and certain obligations that will inform whether conducting a search is the appropriate step. You just argue full circle because it's almost like an in-local parentes-type relationship. That's why it's very open. I can see your computer. I just want you to be on the straight and narrow. That's the relationship. That's why we have to be very careful what the conditions are. Right? That's what the court, that's what Arbol said. But that's all right. Never mind. Are you finished, counsel? Yes, thank you, Your Honor. Thank you very much. Ms. Liston. Thank you. Just briefly, Your Honor, Chief Judge Gregory, I believe you're exactly right to focus in on Arbol. And, Judge Wilkinson, the condition in Arbol was warrantless searches of the computer. The defendant there was not restricted from using a computer. He was just open to warrantless searches. And, again, Chief Judge Gregory, I think that you identify the danger here that if we're going to allow warrantless searches of computers and cell phones for just the fact that someone is either violent or, you know, has a gun in the past. You know, a lot of this is unforeseeable in the sense that the nature of the violation that the probation officer comes upon, we can't tell right now what that future is going to bring. And given the fact that the nature of the supervised release violation is unforeseeable here and now, doesn't it make sense to give the probation officer some discretion, cabined as it is, by reasonable suspicion? Because this is not an individual who is subject to the presumption of innocence. It is an individual who has been convicted multiple times. And so the Fourth Amendment of violent crimes and the kind of Fourth Amendment concerns that we would rightly apply to people who have not been convicted and who are searched ab initio are simply different on supervised release. They are not the same Fourth Amendment protections for someone on supervised release as they are for someone or any American citizen who enjoys the presumption of innocence because they have not been convicted of anything or at least not of a long string of violent crime. Your Honor, to the extent that the future is unforeseeable, we can only base... I think that would allow a court to impose anything by saying, well, the future is unforeseeable, so we're going to impose every condition there is because we don't know what this guy might do. I think you have to base, as this Court has said, you have to base the conditions on something in the record. And in this case, there's simply nothing in the record to support this, especially when this Court has said the statute requires the condition must involve no greater deprivation of liberty than is reasonably necessary. And in this case, based on this record, the warrantless search of the computer and the cell phone is simply a greater deprivation of liberty than is reasonably necessary. And I would encourage this Court to follow our ball and find that the District Court's explanation here and the record simply does not support imposition of these conditions. We ask for this Court to either vacate the warrantless search condition or to send it back to the District Court for a more fulsome explanation. However, I do feel that ultimately, at least as it concerns the computer and the cell phone, there is no support in the record. So we would be satisfied if this Court were to simply strike those parts of the condition. So for these reasons, Your Honor, we'd ask you to vacate the judgment and send this back. Finally, Your Honors, I would just like to take a moment to share with this Court something I learned recently about my friend, Christine Fritz. This is her 51st oral argument before this Court. I was unfortunately not here for her 50th, but I would just like to say that the Federal Defender's Office finds that Ms. Fritz is always a very fierce but very fair advocate, and I know that this Court appreciates her advocacy and we very much appreciate it as well. Thank you, Your Honor. Thank you, Counsel. That was a wonderful touch to do that. It's nice to have counsel across the aisle there to reach out and do that. And I ask your congratulations. Maybe this was a memorable one. Our counsel, thank you so much. We'd love to come down and shake your hand as we normally do in the Fourth Circuit when we can under the conditions, but no, nonetheless, we appreciate your arguments and wish you to be safe and stay well. Thank you so much.
judges: Roger L. Gregory, J. Harvie Wilkinson III, John A. Gibney Jr.